# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHARLES HARDEN, | : | |
| Plaintiff, | : | Case No. 3:07CV148 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| UNITED STATS OF AMERICA, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Charles Harden, an inmate at the United States Penitentiary in Allenwood, Pennsylvania, brings this case *pro se* alleging that the Government, "through its agent, servant and employee wrongfully violated the terms and dut[ies] of the proffer contract..." by disclosing certain information he had proffered to the Government and by using confidential information in proceedings against him. (Doc. #3). Construing Plaintiff's allegations liberally in his favor,[2] he seeks to raise claims under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971); specifically, he claims that the Government violated his rights under the Due Process Clause of the Fifth Amendment to the Constitution by breaching the terms of a plea agreement entered in his federal criminal case. *E.g., Elzy v. United States*, 205 F.3d 882, 884 (6th Cir.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

2000).[3]  Plaintiff seeks, in part, $2,850,000.00 in damages.

On April 20, 2007, the Court granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  This case is before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, 28 U.S.C. §1915A(b) mandates dismissal.

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if they are satisfied that the Complaint is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915A(b)(1).

Viewing an *in forma pauperis* Complaint through lens of §1915A(b), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable

---

[3]  For more specific information about Plaintiff's federal criminal case, *see United States of America v. Charles Harden*, 3:03CR017(2) (S.D. Ohio) (Doc. #133).

factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b)(1). A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Plaintiff's federal constitutional claims are not cognizable in this civil case. Through his allegations that the Government breached the terms of his plea agreement, Plaintiff seeks to challenge the validity of his conviction and confinement. Before obtaining damages for any violation of his federal constitutional rights in connection with his conviction and confinement, Plaintiff must show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by the United States Court of Appeals or the United States Supreme Court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because Plaintiff's conviction and sentence have been upheld on direct appeal, *see United States of America v. Charles Harden*, 3:03CR017(2) (S.D. Ohio) (Doc. #126), and have not been expunged by executive order or declared invalid by the United States Court of Appeals or the United States Supreme Court, his claims are not cognizable in this civil case. *See Heck*, 512 U.S. at 486-87; *see also Wood v. Balisok*, 520 U.S. 641, 648 (1997).

Accordingly, Plaintiff's Complaint must be dismissed under 28 U.S.C. §1915A(b)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


May 11, 2007

                   s/ Sharon L. Ovington
                    Sharon L. Ovington
                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).